IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**MONIN BERIO-RAMOS,**

    **Plaintiff,**

    v.

**GERARDO FLORES-GARCÍA, et al.,**

    **Defendants.**

**CIVIL NO. 13-1879 (PAD)**

**OPINION AND ORDER**

Delgado Hernández, District Judge.

    Monin Berio-Ramos initiated this action against the Senate of Puerto Rico and Gerardo Flores-García for alleged copyright infringement under federal and Puerto Rico law. Before the court is defendant Flores-García's "Motion for Judgment on the Pleadings" (Docket No. 53), which plaintiff opposed (Docket No. 60). For the reasons explained below, the motion is DENIED.

**I.     BACKGROUND**

    Plaintiff is a former professor of legislative technique. She produced two works, "Questionnaire for the Initial Stage of Research in the Composition of a Draft Bill," and "Guidelines and Checklist for the Composition of a Draft Bill or the Review of an Amending Bill of Law," both of which were registered in the United States Copyright Office and in the Registry of Intellectual Property of Puerto Rico (Docket No. 49 at pp. 3-4).

    According to plaintiff, in February 2013, she learned that a Power Point presentation titled "Drafting, Legislative Technique and Quality of the Law" – allegedly distributed and published, or allowed to be published by defendants – copied substantially, or changed, altered and mutilated, large parts of her works as they read in their 2008 versions, with the name of

codefendant Flores-García appearing in (1) the presentation; (2) the hard-copy version; and (3) the Senate's Web Page version of the article. Id. at p. 5. She complains that Flores-García distributed the presentation and a short pamphlet to a number of officers, employees, consultants, and independent contractors of codefendant Senate of Puerto Rico as part of a seminar course without acknowledgment or recognition of plaintiff's authorship of substantial parts of the material presented, nor a claim by plaintiff of permission or authorization to distribute or publish the material. Id. at p. 6.

In plaintiff's view, these facts constitute copyright violations (Docket No. 49 at p. 6). Thus, she seeks injunctive relief as to both defendants and monetary relief against codefendant Flores-García. Id. at pp. 10-11. Flores-García moves for dismissal under Fed. R. Civ. P. 12(c) based on legislative immunity; the Eleventh Amendment; and lack of congressional authority to abrogate the Eleventh Amendment through the federal copyright statute (Docket No. 53 at p. 1; Exh. 1 at pp. 4-14).

## II.  STANDARD OF REVIEW

The standard of review of a motion for judgment on the pleadings under Fed. R. Civ. P. 12(c) is the same as that for a motion to dismiss under Fed. R. Civ. P. 12(b)(6). Frappier v. Countrywide Home Loans, Inc., 750 F.3d 91, 96 (1st Cir. 2014); Marrero-Gutierrez v. Molina, 491 F.3d 1, 5 (1st Cir. 2007).

To survive a motion under Fed. R. Civ. P. 12(b)(6), a complaint must allege a plausible entitlement to relief. Rodríguez-Vives v. Puerto Rico Firefighters Corps., 743 F.3d 278, 283 (1st Cir. 2014); Rodríguez-Reyes v. Molina-Rodríguez, 711 F.3d 49, 53 (1st Cir. 2013); Rodríguez-Ortiz v. Margo Caribe, 490 F.3d 92, 95 (1st Cir. 2007). Plausibility involves a context-specific task calling on courts to examine the complaint as a whole, separating factual allegations (which

must be accepted as true) from conclusory allegations (which need not be credited). García-Catalán v. United States, 734 F.3d 100, 103 (1st Cir. 2013); Morales-Cruz v. Univ. of P.R., 676 F.3d 220, 224 (1st Cir. 2012).

All reasonable inferences from well-pleaded facts must be drawn in the pleader's favor. Foley v. Wells Fargo Bank, N.A., 772 F.3d 63, 68 (1st Cir. 2014); García-Catalán, 734 F.3d at 102-103. If, so construed, the combined allegations plead facts enough to nudge the claim across the line from conceivable to plausible, the case should not be dismissed under Fed. R. Civ. P. 12(b)(6). Such is the case here.

### III.   DISCUSSION

A.   Legislative Immunity

Flores-García claims entitlement to absolute immunity for legislative activity (Docket No. 53, Exh. 1 at p. 4). The defense of legislative immunity for state legislators has been recognized since 1951. See, Colón-Berríos v. Hernández-Agosto, 716 F.2d 85, 89 (1st Cir. 1983)(so noting). It affords protection not only from liability, but also from suit. See, Romero-Barceló v. Hernandez-Agosto, 75 F.3d 23, 28 (1st Cir. 1996)(asserting principle). The function of such immunity is "to insure that the legislative function may be performed independently without fear of outside interference." Acevedo-Garcia v. Vera-Monroig, 204 F.3d 1, 8 (1st Cir. 2000)(quoting Supreme Court of Va. v. Consumers Union of the United States, 446 U.S. 719, 731 (1980)).

The protection may extend to legislative aides and employees. See, National Association of Social Workers v. Harwood, 69 F.3d 622, 632 (1st Cir. 1995)("[A]s long as an aide's conduct would be covered by legislative immunity were the same conduct performed by the legislator himself, the aide shares the immunity"). However, it only applies to conduct within the sphere of legitimate legislative activity. Negrón-Gaztambide v. Hernández-Torres, 35 F.3d 25, 27 (1st Cir.

1994)(citing Supreme Court of Va., 446 U.S. at 732), cert. denied, 513 U.S. 1149 (1995).

Whether an act is legislative turns on the nature of the act itself, rather than on the motive or intent of the official performing it. For the same reason, "courts must ascertain if actions were legislative both 'in form,' i.e., 'integral steps in the legislative process,' and in substance, i.e., the acts 'bore all the hallmarks of traditional legislation.'" González-Droz v. González-Colón, 717 F.Supp.2d 196, 214 (D.P.R. 2010)(citing Bogan v. Scott-Harris, 523 U.S. 44, 55(1998)).

Flores-García argues that his purported acts stem from legislative duties assigned to him and his Office or to the programs he directed, and accordingly, he should be afforded the protection of legislative immunity (Docket No. 53, Exh. 1 at pp. 2-3, 7). But nothing in the pleadings suggests that the conduct at issue – preparation and use of a power point presentation and materials in connection with a seminar offered to officers, employees, consultants, and independent contractors of the Senate – was related to the implementation of "prospective, legislative-type rules that are general in nature" or to core legislative functions such as the ones legislative immunity seeks to protect. Acevedo-Garcia, 204 F.3d at 8.

On this reading, the conduct was neither legislative in form, nor in substance; did not encompass integral steps in the legislative process; and lacked the hallmarks of traditional legislation. It did not involve drafting legislative bills or publishing legislation, taking part in a legislative committee, or gathering information on the performance of a government agency. At best, it was incidentally related to legislative activities. And that type of conduct is not accorded the shield of legislative immunity. See, Harwood, 69 F.3d at 630 ("If a legislator – or his surrogate – undertakes actions that are only casually or incidentally related to legislative affairs… no immunity inheres").

Flores-García points out that during the time of the events he worked as the Director of the

Office of Legal Counsel and of the Continuing Legislative Education Program of the Senate, the inference purportedly being that his work must have been of a legislative nature (Docket No. 53, Exh. 1 at p. 12). The fact that a legislator or a legislative aide performs an act in his official capacity does not automatically confer protection. See, Harwood, 69 F.3d at 630 (so asserting). It is the nature of the particular act rather than the title of the officer which governs whether immunity attaches. Acevedo-Garcia, 204 F.3d at 8 (quoting Forrester v. White, 484 U.S. 219, 227 (1988)). As indicated earlier, the acts here were not legislative in nature. In consequence, Flores-García is not entitled to legislative immunity.

  B. Eleventh Amendment Immunity

Flores-García alleges the case should be dismissed under the Eleventh Amendment. The Eleventh Amendment bars suits in federal court against states and state officials in their official capacity unless the state waives immunity or Congress abrogates it. Davidson v. Howe, 749 F.3d 21, 27 (1st Cir. 2014); León-López v. Corporación Insular de Seguros, 931 F.2d 116, 121 (1st Cir. 1991). It applies to Puerto Rico, Lebrón v. Commonwealth of Puerto Rico, 770 F.3d 25, 32 (1st Cir. 2014), and operates in cases where the state itself is not a named party, if any arm of the state is sued. Regents of the Univ. of Cal. v. Doe, 519 U.S. 425, 429 (1997).

The Senate enjoys Eleventh Amendment immunity protection as an organic part of the central government of Puerto Rico. Rivera-Concepción v. Puerto Rico, 786 F.Supp.2d 442, 451 (D.P.R. 2010). Flores-García maintains that the protection of the Eleventh Amendment applies to him because (1) he acted in his official capacity as the Director of the Office of Legal Counsel of the Senate and/or the Senate's Director for the Continuing Legislative Education Program; (2) the acts for which he has been sued were within the purview of delegated authority; and (3) those acts did not conflict with the terms of that authority (Docket No. 53, Exh. 1 at pp. 11-14). But he was

sued in his personal capacity, and personal capacity suits are not shielded by the Eleventh Amendment.

Performance of official duties generates two (2) potential liabilities, individual-liability capacity for the person and official-liability capacity for the state. See, Guillemard-Ginorio v. Contreras-Gómez, 585 F.3d 508, 531-532 (1st Cir. 2009)(so recognizing). The type of liability does not depend on the capacity in which the officer inflicts the alleged injury, but on the capacity in which the state officer is sued. Asociación de Subscripción Conjunta del Seguro De Responsabilidad Obligatorio v. Flores-Galarza, 484 F.3d 1, 26 (1st Cir. 2007)(quoting Hafer v. Melo, 502 U.S. 21, 26 (1991)).

Suits brought against a state official in his official capacity represent another way of pleading an action against an entity of which the officer is an agent. They are considered filed against the State itself. Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989). In those cases, the Eleventh Amendment stands as a bar to state law claims against state officials for monetary relief, as that relief would be enforced on the state's treasury. See, Guillemard-Ginorio, 585 F.3d at 531 (explaining rule).

By contrast, personal-capacity suits seek to impose individual liability upon a government officer for actions taken under color of state law. Flores-Galarza, 484 F.3d at 26; Guillemard-Ginorio, 585 F.3d at 531. They are not considered suits against the state for purposes of Eleventh Amendment immunity, for relief would come from the officer's own pocket. See, Flores-Galarza, 484 F.3d at 26 (applying rule). This is so, even if the state agrees to cover the officer to spare him from the loss, and regardless of whether the claims alleged against the individual officer are grounded in state or federal law. Id.; Guillemard-Ginorio, 585 F.3d at 531. Given that Flores-García was sued in his personal capacity, he is not entitled to Eleventh Amendment immunity.

C.  Copyright Statute Abrogation.

Flores-García posits that Congress' abrogation of states' immunity under the federal copyright statute is not valid under the Fourteenth Amendment (Docket No. 53, Exh. 1 at pp. 14-16). Considering that he is not entitled to Eleventh Amendment immunity, the court need not address whether the Eleventh Amendment abrogation in the copyright statute is unconstitutional. See, County Court of Ulster County, N. Y. v. Allen, 442 U.S. 140, 154 (1979)(finding that courts have a strong duty to avoid constitutional issues that need not be resolved in order to determine the rights of the parties to the case under consideration).

D.  Supplementary Jurisdiction.

Flores-García asks that supplemental state claims be dismissed under 28 U.S.C. § 1367(c)(3)(Docket No. 53, Exh. 1 at p. 16). The request is predicated on the assumption that the federal claim would be dismissed. To the extent that claim survives, the assumption does not sustain dismissal.

## IV.  CONCLUSION

In view of the foregoing, drawing all reasonable inferences from the well-pleaded facts in plaintiff's favor, Flores-García's "Motion for Judgment on the Pleadings" (Docket No. 53) is DENIED.

**SO ORDERED.**

In San Juan, Puerto Rico, this 29th day of July, 2015.

s/Pedro A. Delgado-Hernández
PEDRO A. DELGADO-HERNÁNDEZ
United States District Judge