IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **MONIN BERIO-RAMOS,** <br><br> Plaintiff, <br><br> v. <br><br> **GERARDO FLORES-GARCÍA, et al.,** <br><br> Defendants. | **CIVIL NO. 13-1879 (PAD)** |

**MEMORANDUM AND ORDER**

Plaintiff Monin Berio-Ramos asks for an Order requiring the Senate of Puerto Rico to reimburse her the cost of serving process upon the Senate (Docket No. 66). The Senate opposes plaintiff's request (Docket No. 71). Plaintiff's motion is DENIED.

Plaintiff argues that because she sent a request for waiver of service of summons to the Senate – that to date remains unanswered – she is entitled to reimbursement of the costs incurred in connection with serving process on that entity (Docket No. 66).

Under Fed. R. Civ. P. 4(d)(2), if a defendant located within the United States fails, without good cause, to sign and return a waiver requested by a plaintiff located within the United States, the court must impose on the defendant: (A) the expenses later incurred in making service; and (B) the reasonable expenses, including attorney's fees, of any motion required to collect those service expenses. But this provision is only applicable to defendants subject to subdivisions (e), (f), or (h) of Rule 4.[1]

---

[1] These subsections provide for service on individuals within a judicial district of the United States; on individuals in a foreign country; and on corporations and associations, respectively. See, Fed. R. Civ. P. 4(e), (f), and (h).

Monin Berio-Ramos v. Gerardo Flores-García, et al.
Civil No. 13-1879 (PAD)
Memorandum and Order
Page 2

Service of process on government entities like the Senate is governed by Fed. R. Civ. P. 4(j), which contrary to Fed. R. Civ. P. 4(d)(2), lacks a cost-shift provision linked to waiver of service. For that reason, the cost-shift mechanism of Fed. R. Civ. P. 4(d)(2) may not be invoked to recover costs associated with effecting service of process on those entities. See, Cupe v. Lantz, 470 F.Supp.2d 136, 138 (D.C.Conn. 2007)(holding inapplicable waiver of service provision because plaintiff sued state employees in their official capacities)(citing Chapman v. N.Y. State. Div. for Youth, 227 F.R.D. 175, 179-80 (N.D.N.Y. 2005)(pointing out that government agencies need not comply with a request for waiver of summons, for service on them is governed by Rule 4(j)). Consequently, plaintiff's motion at Docket No. 66 for reimbursement of costs is DENIED.[2] As requested, the court notes that process was served upon the Senate.

**SO ORDERED.**

In San Juan, Puerto Rico, this 29th day of July, 2015.

s/Pedro A. Delgado-Hernández
PEDRO A. DELGADO-HERNÁNDEZ
United States District Judge

---

[2] Plaintiff did not present evidence that she provided a valid notice – of - waiver form to the Senate. This evidentiary insufficiency would justify denying a request for reimbursement of costs under Rule 4(d)(2). See, Simanonok v. Lamontagne, 1998 WL 1085670, *2 (1st Cir. 1998)(holding that in asking for reimbursement of costs for service of summons, plaintiff must provide court with copy of the request for waiver form sent to defendants; otherwise, she would not show entitlement to those costs).