IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

MONIN BERIO-RAMOS,

    Plaintiff,

    v.                                      CIVIL NO. 13-1879 (PAD)

GERARDO FLORES-GARCÍA, et al.,

    Defendants.

**MEMORANDUM AND ORDER**

Before the Court is defendants' "Urgent Informative Motion and Request for Extension of Time to Finalize Discovery" (Docket No. 95), which plaintiff opposed (Docket No. 96). Defendants replied (Docket No. 99). The motion is DENIED for lack of good cause and absence of excusable neglect for defendants' requests.

**I.  BACKGROUND**

On November 27, 2013, plaintiff initiated this action (Docket No. 1). On March 11, 2014, the court entered a Scheduling/Case Management Order granting the parties until February 11, 2015 to conduct discovery and until April 13, 2015 to file any motions for summary judgment (Docket No. 11). In the meantime, defendants filed motions to dismiss and for judgment on the pleadings (Docket Nos. 12 and 23), and opposed plaintiff's motion for partial voluntary dismissal and for leave to file a second amended complaint (Docket Nos. 33 and 40). Plaintiff opposed the dismissal requests and other motions (Docket Nos. 31 and 32).

On September 29, 2014, the court stayed proceedings pending disposition of the motions (Docket No. 46). On October 28, 2014, it adjudicated the motions, and authorized plaintiff to file a second amended complaint (Docket No. 47), which plaintiff did on October 31, 2014 (Docket No. 49). Between November 21, 2014 and December 26, 2014, codefendant Flores answered the

second amended complaint, and filed a motion for judgment on the pleadings (Docket Nos. 52 and 53, respectively). On January 7, 2015, codefendant Senate moved to dismiss (Docket No. 55). On January 12, 2015, the court denied the motion (Docket No. 59). On February 9, 2015, plaintiff opposed Flores' motion for judgment on the pleadings (Docket No. 60). On March 17, 2015, the Senate answered the second amended complaint (Docket No. 70).

On July 29, 2015, the court denied Flores' motion for judgment on the pleadings, and set October 30, 2015 as deadline to conduct discovery, and November 16, 2015, as deadline to move for summary judgment (Docket No. 78). It reiterated those deadlines on August 10, 2015 (Docket No. 80). On August 24, 2015, defendants represented that discovery "shall end on October 30, 2015" (Docket No. 83 at p. 2).

No discovery extension was sought, and no motion for summary judgment was filed within the reiterated deadlines. Accordingly, on November 24, 2015, the court set the pretrial conference for January 22, 2016, and ordered filing of a Joint Pretrial Conference Report by December 21, 2015 (Docket No. 94). On December 8, 2015, defendants filed the motion at issue, seeking until January 22, 2016 to conduct discovery, and until February 29, 2016 to file summary judgment motions (Docket No. 95).

II.     **DISCUSSION**

In general, a litigant who seeks an extension of time must show good cause for the desired extension. See, Rivera-Almodovar v. Instituto Socioeconomico Comunitario, Inc., 730 F.3d 23, 26 (1st Cir. 2013)(so holding). The standard applies to requests to extend discovery deadlines. O'Connell v. Hyatt Hotels, 357 F.3d 152, 154 (1st Cir. 2003). The primary measure of the good cause standard is the moving party's diligence in attempting to meet the deadline. Id. at 155. Where the litigant is faced with an expired deadline, more is required: she must show that her

failure to request an extension in a timeous manner constitutes excusable neglect. Rivera-Almodovar, 730 F.3d at 26. Determining the existence vel non of excusable neglect takes into account the totality of circumstances, including whether the record reflects intervening circumstances beyond the party's control. Id. at 27. A lawyer's inattention, without more, normally does not constitute "excusable neglect." Id. (citing Dimmitt v. Ockenfels, 407 F.3d 21, 24 (1st Cir. 2005)).

Defendants have not explained why, in exercising due diligence, discovery could not have been completed by October 30, 2015, Instead, they contend that (1) their attorney was recently assigned to the case; (2) due to several scheduling conflicts, the parties postponed plaintiff's and codefendant Flores' depositions until December 2015; (3) it was not until November 30, 2015 that counsel for plaintiff informed defendants' attorney that the discovery deadline had elapsed; (4) defendant's attorney did not realize that the discovery deadline had passed due to an oversight (Docket No. 95); and (5) they wanted to have plaintiff's written discovery responses prior to the taking of plaintiff's deposition (Docket No. 97, Exh. 1 at pp. 2-3).

Defendants' counsel filed a notice of appearance on September 18, 2015 (Docket No. 86). By that date, the court-imposed deadlines had been in place for over seven (7) weeks. And six (6) additional weeks remained for the parties to conduct discovery. Yet the motion for extension of time was filed more than a month after the discovery deadline had elapsed, even though defendants represented to the court on August 24, 2015, that discovery would end by the established deadline (Docket No. 83).

Prior to defendants' attorney's appearance on September 18, 2015, defendants had been represented by another attorney, who, on September 28, 2015, filed an informative motion indicating that he would be away on military leave, from October 1, 2015 until February 14, 2016

(Docket No. 89). But no attempt was made to timely move the deadlines before they expired. And by defendants' account, the written discovery they served, was served on November 7, 2015 (Docket No. 97, Exh. 1 at ¶ 4), outside the date set to conclude discovery.

The record shows neither diligence to comply with the discovery deadline nor circumstances beyond counsel's control justifying the requests made at Docket No. 95. See, Rossetto v. Pabst Brewing Company, 217 F. 3d 539, 542 (7th Cir. 2000)(denying discovery motion filed after the date set by the court for the conclusion of discovery; motion contained no grounds for tardiness); Claytor v. Computer Asscs. Int'l., 211 F.R.D. 665, 666-668 (D. Kan. 2003)(denying plaintiff's motion for extension to conduct discovery; Magistrate Judge could not find good cause to extend the discovery deadline since plaintiff had failed to explain why, in exercising due diligence, discovery could not have been completed by the deadline originally set forth); Rivera-Almodovar, 730 F.3d at 26 (denying request to extend discovery subsequent to deadline; movant showed no circumstances beyond her control to justify the delay).

The fact that the parties may have postponed depositions until December 2015, even though the discovery deadline had been set for October 30, 2015, does not require a different result; litigants are not authorized to bypass deadlines. See, Rosario-Diaz v. Gonzalez, 140 F.3d 312, 314-315 (1st Cir. 1998)(noting that litigants have an unflagging duty to comply with clearly communicated case-management orders); Brooks v. Northwest Airlines, 2009 WL 2171092, *1 (N.D. Miss. July 20, 2009)(denying on timeliness grounds, motion to take depositions outside discovery deadline based in part on the assertion that parties had agreed to take the depositions; the motion was filed after the discovery deadline had expired, and the agreement was of no consequence since it lacked court approval).

### III.   CONCLUSION

Defendants have proffered no valid reason for noncompliance with the deadlines here.  On that basis, their motion is DENIED.  The settings at Docket No. 94 remain.

**SO ORDERED.**

In San Juan, Puerto Rico, this 10th day of December, 2015.

S/Pedro A. Delgado-Hernández
PEDRO A. DELGADO-HERNÁNDEZ
United States District Judge