IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

MONIN BERIO-RAMOS,

    Plaintiff,

    v.

GERARDO FLORES-GARCÍA, et al.,

    Defendants.

CIVIL NO. 13-1879 (PAD)

**MEMORANDUM AND ORDER**

Before the Court is plaintiff's "Motion to Compel Defendants to Produce Mr. Flores to be Deposed by Plaintiff" (Docket No. 101). The motion is DENIED for lack of good cause and absence of excusable neglect.

**I.    BACKGROUND**[1]

On October 30, 2015, the court set October 30, 2015 as deadline to conduct discovery (Docket No. 78). It reiterated that deadline on August 10, 2015 (Docket No. 80). On December 11, 2015, plaintiff filed the motion sub judice, asking for an order to compel defendants to produce codefendant Flores-García for deposition on December 14, 2015 (Docket No. 101).

Plaintiff alleges that in September 2015, she requested defendants to produce Flores-García to be deposed on any date of their choosing between October 26th and October 30th. But defendants never responded to this request, and instead, on October 22, 2015, citing scheduling conflicts and other reasons, requested that the deposition be taken in December 2015 (first on December 9th; finally on December 14th).

---

[1] The broader background is described in the Memorandum and Order entered at Docket No. 100.

Monin Berio-Ramos v. Gerardo Flores-García, *et al.*
Civil No. 13-1879 (PAD)
Memorandum and Order
Page 2

In addition, plaintiff claims that she accommodated defendants; but apparently today, in light of the court's ruling at Docket No. 100, defendants informed her that no one is authorized to conduct depositions, and therefore, that Flores-García is not going to be produced on to be deposed on December 14th (Docket No. 101 at pp. 1-2). In consequence, she requests an order to compel defendants to produce Flores-García for deposition on such date. Id. at p. 4.

## II.   DISCUSSION

As stated in the court's ruling at Docket No. 100, in general, a litigant who seeks an extension of time must show good cause for the desired extension. See, Rivera-Almodovar v. Instituto Socioeconomico Comunitario, Inc., 730 F.3d 23, 26 (1st Cir. 2013)(so holding). The standard applies to requests to extend discovery deadlines. O'Connell v. Hyatt Hotels, 357 F.3d 152, 154 (1st Cir. 2003). The primary measure of the good cause standard is the moving party's diligence in attempting to meet the deadline. Id. at 155.

Where the litigant is faced with an expired deadline, more is required: she must show that her failure to request an extension in a timeous manner constitutes excusable neglect. Rivera-Almodovar, 730 F.3d at 26. Determining the existence vel non of excusable neglect takes into account the totality of circumstances, including whether the record reflects intervening circumstances beyond the party's control. Id. at 27. There is no good cause or circumstances beyond plaintiff's control justifying the order she seeks.

Discovery should have been completed by October 30, 2015. Plaintiff did not seek an extension of that deadline before it elapsed. Even though by her account, she attempted to take the deposition by that date but could not do so due to defendants' failure to produce codefendant Flores-García, she did not seek court assistance to address the problem at that time. Instead, she has asked for an order to compel, more than one (1) month after the discovery deadline expired.

That is not enough. See, Richardson v. City of New York, 326 Fed. Appx. 580, 581 (2d Cir. 2009)(denying as untimely motion to compel filed over one month after the close of discovery); Flynn v. Health Advocate, 2005 WL 288989, *7 (E.D. Penn. Feb. 8, 2005)(denying motion to compel filed past the discovery deadline).

In like manner, knowing of the problem she was facing securing Flores-García's appearance, plaintiff should have moved to compel within the period set to conduct discovery. See, Claytor v. Computer Associates. 211 F.R.D. 665, 666-667 (D. Kansas 2003)(denying motion to conduct discovery after deadline, since plaintiff should have brought before the court prior to expiration of deadline, the defendants' failure to produce the information which she invoked as grounds to justify the authorization requested); Flynn, 2005 WL 288989 at *7 (denying motion to compel filed after discovery deadline in part because plaintiff was aware a month before that point, of the purported deficiencies leading to the motion). To that extent, the situation was not beyond her control. See, Rivera-Almodovar, 730 F.3d at 26 (denying request to extend discovery subsequent to deadline; movant showed no circumstances beyond her control to justify the delay).

Plaintiff points out that defendants agreed to produce Flores-García to be deposed in December 2015 and recanted the agreement they made. But litigants are not authorized to bypass deadlines. See, Rosario-Diaz v. Gonzalez, 140 F.3d 312, 314-315 (1st Cir. 1998)(noting that litigants have an unflagging duty to comply with clearly communicated case-management orders); Brooks v. Northwest Airlines, 2009 WL 2171092, *1 (N.D. Miss. July 20, 2009)(denying motion to take depositions outside discovery deadline based in part on the assertion that parties had agreed to take the depositions; the motion was filed after the discovery deadline had expired, and the agreement was of no consequence since it lacked court approval); Flynn, 2005 WL 288989 at *7 (denying motion to compel discovery after deadline justified in part on the fact that the parties had

Monin Berio-Ramos v. Gerardo Flores-García, *et al.*
Civil No. 13-1879 (PAD)
Memorandum and Order
Page 4

agreed not to object to the discovery as untimely; parties did not request leave of court to extend discovery beyond the deadline).  Moreover, "there is no law to support the proposition that a discovery related communication sent after the close of discovery ... operates as a waiver of timeliness objections to discovery request after the close of discovery."  Flynn, 2005 WL 288989 at *7.

### III.    CONCLUSION

The record does not justify the remedy requested here.  On that basis, the "Motion to Compel Defendants to Produce Mr. Flores to be Deposed by Plaintiff" (Docket No. 101) is DENIED

**SO ORDERED.**

In San Juan, Puerto Rico, this 11th day of December, 2015.

                                                                             S/Pedro A. Delgado-Hernández
                                                                             PEDRO A. DELGADO-HERNÁNDEZ
                                                                             United States District Judge