IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

MONIN BERIO-RAMOS,

    Plaintiff,

    v.                                  CIVIL NO. 13-1879 (PAD)

GERARDO FLORES-GARCÍA, et al.,

    Defendants.

**MEMORANDUM AND ORDER**

Delgado Hernández, District Judge.

This is a copyright infringement action against Gerardo Flores-García and the Senate of Puerto Rico under the Copyright Remedy Clarification Act, Pub. Law No. 101-553, 104 Stat 2749, and Puerto Rico law. Before the court is the Senate's "Motion for Judgment on the Pleadings" under Fed.R.Civ.P. 12(c) (Docket No. 112), which plaintiff opposed (Docket No. 114). The motion is GRANTED IN PART and DENIED IN PART, and the case against the Senate DISMISSED WITHOUT PREJUDICE.

The Senate alleges the case against it should be dismissed with prejudice pursuant to the Eleventh Amendment because it has not consented to this litigation (Docket No. 112 at pp. 4-8). Plaintiff counters the motion is untimely, and that the Eleventh Amendment does not apply (Docket No. 114 at pp. 1-3).

The Eleventh Amendment prohibits cases against the State without its consent. Kimel v. Florida Board of Regents, 528 U.S. 62, 72-73 (2000). Although it seeks to shield the state treasury, it also protects the State's dignity interest in not being haled into federal court. Fresenius v. Puerto Rico and the Caribbean Cardiovascular Center, 322 F.3d 56, 63 (1st Cir. 2003). For such purposes,

Monin Berio-Ramos v. Gerardo Flores-García, *et al.*
Civil No. 13-1879 (PAD)
Memorandum and Order
Page 2

Puerto Rico is considered a State. Maysonet-Robles v. Cabrero, 323 F.3d 43, 53 (1st Cir. 2003).

This type of immunity is considered jurisdictional. Acevedo v. Police, 247 F.3d 26, 28 (1st Cir. 2001). The Eleventh Amendment restricts judicial power under Article III. Seminole Tribe of Florida v. Florida, 517 U.S. 44, 72-73 (1996). So the Senate's motion is timely. The issue it has brought forth may be raised at this stage of the proceedings. See, Diaz-Fonseca v. Puerto Rico, 451 F.3d 13, 33 (1st Cir. 2006)(quoting Acevedo, 247 F.3d at 28)("Eleventh Amendment immunity can be raised at any time…").

The Senate posits Congress cannot constitutionally abrogate a State's Eleventh Amendment immunity through the Copyright Remedy Clarification Act (Docket No. 112 at pp. 5-8). In support of this proposition, it relies on cases holding that Congress may not abrogate the immunity under the authority of Article I. See e.g., Florida v. College Savings Bank, 527 U.S. 627, 636 (1999)(stating that "state sovereign immunity does not yield to Congress' Article I powers"). Because the federal copyright statute stems from Article I, Robles v. Institute of Puerto Rican Culture, 466 F.Supp.2d 410, 418 (D.P.R. 2006)(so noting), the Senate contends it may not be sued under that statute here (Docket No. 112 at pp. 6-7).

Plaintiff has not offered cases to the contrary. Along the same line, she acknowledges that the Senate's argument "may be correct under the current state of affairs" (Docket No. 114 at p. 2). But she contends that Puerto Rico is a territory of the United States and as such, the Eleventh Amendment immunity does not apply (Docket No. 114 at pp. 3-5). To this end, she essentially alleges that the Amendment exists for States, not territories like Puerto Rico, whose source of authority lies in Federal law. Id. at pp. 2-4. Plaintiff predicates her argument on Pueblo v. Sánchez Valle, 192 D.P.R. 594, 644-645 (2015), cert. granted, 84 U.S.L.W. 3060 (U.S. October 1, 2015)(No. 15-108).

Monin Berio-Ramos v. Gerardo Flores-García, *et al.*
Civil No. 13-1879 (PAD)
Memorandum and Order
Page 3

The argument overlooks the fact that in 1913, when Puerto Rico was subject to the Jones Act, the Supreme Court held that as an unincorporated territory of the United States its government is entitled to Eleventh Amendment immunity. Porto Rico v. Castillo, 227 U.S. 270, 273 (1913). And that situation has not changed after 1952 under the Federal Relations Act. See, Maysonet-Robles, 323 F.3d at 53 (1st Cir. 2003)("Even though Puerto Rico is an unincorporated territory of the United States, its government has always been considered a sovereign entity entitled to immunity from suit without its consent").

Plaintiff maintains the Senate cannot avoid suit because it is not a political subdivision of Puerto Rico, and insofar as only injunctive relief is requested, the state treasury will not be compromised (Docket No. 114 at pp. 5-7). The proposition that the Senate lies beyond the scope of the Eleventh Amendment is somewhat counterintuitive, for the Senate conforms one of two (2) parts of Puerto Rico's legislative branch. See, Rivera-Concepcion v. Puerto Rico, 786 F.Supp.2d 442, 451 (D.P.R. 2010)(holding that "[t]he Senate and House enjoy Eleventh Amendment immunity as 'an organic part of the central government of Puerto Rico'"). Besides, that only injunctive relief is sought is unavailing, as the Eleventh Amendment protects unconsenting states from injunctive remedies based on state law. See, Diaz-Fonseca, 451 F.3d at 43 ("[The Eleventh Amendment] does not allow injunctive relief against state officials for violation of state law"). The jurisdictional bar applies regardless of the nature of the relief sought. Id. at 33 (citing Pennshurst v. Halderman, 465 U.S. 89, 100 (1984)).

In consequence, the case against the Senate law must be dismissed, albeit without prejudice. Whatever arguments are raised if plaintiff refiles federal and/or state claims against the Senate in Puerto Rico courts will be for those courts to decide. The Senate's request for attorney's fees is DENIED. Beyond the request, there is no argumentation justifying the fees sought.

**SO ORDERED.**

In San Juan, Puerto Rico, this 21st day of January 2016.

                                                      S/Pedro A. Delgado-Hernández
                                                      PEDRO A. DELGADO-HERNÁNDEZ
                                                      U.S. DISTRICT JUDGE