IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**MONIN BERIO-RAMOS,**

    Plaintiff,

    v.

**GERARDO FLORES-GARCÍA, et al.,**

    Defendants.

**CIVIL NO. 13-1879 (PAD)**

**MEMORANDUM AND ORDER**

Delgado-Hernández, District Judge

Before the Court is Gerardo Flores' "Motion in Limine to Exclude Plaintiff's Expert Witness Testimony and Report" (Docket No. 122), which plaintiff opposed (Docket No. 132). Flores replied (Docket No. 134), and plaintiff sur-replied (Docket No. 136). For the reasons below, the motion is GRANTED.

On July 29, 2015, the court set October 30, 2015 as deadline to conduct discovery (Docket No. 78). It reiterated that deadline on August 10, 2015 (Docket No. 80). On February 5, 2015, Flores filed the motion *sub judice,* complaining that plaintiff announced an expert (Dr. Alexandra Ramos-Duchateau), and produced both her report and the report of another expert (Dr. Pedro Salazar) after the discovery cutoff date.[1] In consequence, he requests that both experts be excluded from testifying at trial (Docket No. 122).

Rule 26(a)(2)(D) of the Federal Rules of Civil Procedure states that a party must provide its expert disclosures at the time and in the sequence that the court orders; and that absent a stipulation or a court order, the disclosures must be made: (i) at least 90 days before the date set

---

[1] Dr. Salazar's report was produced on December 30, 2015 (Docket No. 123, Exh. 2). Dr. Ramos-Duchateau's report was produced on January 20, 2016. Id., Exh. 3.

Monin Berio-Ramos v. Gerardo Flores-García, *et al.*
Civil No. 13-1879 (PAD)
Memorandum and Order
Page 2

for trial or for the case to be ready for trial; or (ii) if the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B) or (C), within 30 days after the other party's disclosure. These provisions are enforced through Rule 37(c)(1) of the Federal Rules of Civil Procedure, according to which:

> [i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.

Fed.R.Civ.P. 37(c)(1). As stated above, the parties had until October 30, 2015 to conduct discovery. From the record, plaintiff did not disclose all of the expert material within that period. The baseline for noncompliance is mandatory preclusion. See, Santiago-Díaz v. Laboratorio Clínico y De Referencia Del Este And Sara López, M.D., 456 F.3d 272, 276 (1st Cir. 2006)(so noting).

Plaintiff alleges that on August 25, 2015 – prior to expiration of the discovery period – she informed Flores that she intended to use Dr. Salazar as an expert witness (Docket No. 132 at p. 2). But apart from requiring a party to disclose to other parties the identity of any person who may be used at trial as an expert, Rule 26 requires that such disclosure be accompanied by a written report. See, Fed.R.Civ.P. 26(a)(2)(B).[2] Dr. Salazar's report was produced after expiration of the court-set

---

[2] Specifically, the rule requires that the written report contain:
> a complete statement of all opinions to be expressed and the basis and reasons therefor; the data or other information considered by the witness in forming the opinions; any exhibits to be used as a summary of or support for the opinions; the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years; the compensation to be paid for the study and testimony; and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years. Id.

Case 3:13-cv-01879-PAD   Document 141   Filed 03/07/16   Page 3 of 4

Monin Berio-Ramos v. Gerardo Flores-García, et al.
Civil No. 13-1879 (PAD)
Memorandum and Order
Page 3

period to conduct discovery, effectively compromising Flores' ability to carry out complete expert-related discovery within that period.

Plaintiff argues the parties agreed that Dr. Salazar could render his report and be deposed after the discovery deadline, and for the same reason, that Flores should be estopped from objecting to Dr. Salazar's testimony (Docket No. 132 at pp. 3-4). That parties have agreed to bypass a discovery deadline is no ground to excuse the untimely production of an expert witness' report. See, Rosario-Díaz v. Gonzalez, 140 F.3d 312, 315 (1st Cir. 1998)(ruling that a litigant who ignores a case-management deadline does so at his peril).

None of the parties sought an extension of the discovery period prior to its expiration, making disclosure of the Salazar report untimely. See, Brooks v. Northwest Airlines, 2009 WL 2171092, *1 (N.D. Miss. July 20, 2009)(denying motion to take depositions outside discovery deadline based in part on the assertion that parties had agreed to take the depositions; the motion was filed after the discovery deadline had expired, and the agreement was of no consequence for it lacked court approval); Flynn v. Health Advocate, Inc., 2005 WL 288989, *7 (E.D. Pennsylvania February 8, 2005)(denying motion to compel discovery after deadline justified in part on the fact that the parties had agreed not to object to the discovery as untimely; parties did not timely request leave of court to extend discovery beyond the deadline). The untimeliness subjects Dr. Salazar's testimony to the Rule 37 exclusion provision.

Finally, plaintiff claims that Dr. Ramos-Duchateau should not be excluded because her disclosure took place after the deadline to conclude discovery but before lapse of the Rule 26 90-day period, and the report was produced as soon as it became available (Docket No. 132 at p. 5). The 90-day period operates in absence of a court order. And here the court had set October 30, 2015 as the discovery cutoff date. From that perspective, disclosure was untimely. Besides, on

Monin Berio-Ramos v. Gerardo Flores-García, *et al.*
Civil No. 13-1879 (PAD)
Memorandum and Order
Page 4

August 24, 2015, the court was informed that the parties were to announce all witnesses, including experts, with a description of each witness' proposed testimony, not later than September 4, 2015 (Docket Nos. 83 at p. 1 and 85 at p. 2). Instead, plaintiff announced Dr. Ramos-Duchateau as an expert witness in December 2015 (Docket No. 122 at p. 1), and produced that expert's report on January 20, 2016 (Docket No. 123, Exh. 3).[3] The late disclosure blocked Flores' access to meaningful discovery regarding that witness' contemplated testimony.

To summarize, plaintiff failed to disclose her expert witness material as required by Rule 26 such that exclusion is warranted under Rule 37. No persuasive reason has been proffered for the late disclosures. Considering circumstances, untimeliness cannot be considered harmless. On that basis, Flores' "Motion in Limine to Exclude Plaintiff's Expert Witness Testimony and Report" (Docket No. 122) is GRANTED.

**SO ORDERED.**

In San Juan, Puerto Rico, this 7th day of March, 2016.

S/Pedro A. Delgado-Hernández
PEDRO A. DELGADO-HERNÁNDEZ
United States District Judge

---

[3] On January 20, 2016 trial was scheduled for April 5, 2016 (Docket No. 118 at ¶ 1).